IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C.B., | : | CIVIL ACTION |
|     Plaintiff | : | |
|     v. | : | |
| | : | |
| FRANK BISIGNANO,[1] | : | |
| Commissioner of the Social | : | |
| Security Administration, | : | |
|     Defendant | : | NO. 24-6049 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE            June 23, 2025

  John B. ("Plaintiff") has filed, pursuant to Fed. R. Civ. P. 59(e), a motion for reconsideration of this court's May 2, 2025 order that denied his request for review. The court's May 2 Memorandum explained that the ALJ did not err when finding that Plaintiff's mental impairment was non-severe. In doing so, the court explained that the ALJ properly determined that the opinions of the state agency psychological consultant (Melissa Franks, Psy. D.) were not persuasive. Hence, the ALJ's decision was free from legal error and supported by substantial evidence.

  Plaintiff now argues that this court committed a clear error of law, resulting in manifest injustice, because it failed to address the ALJ's failure to explicitly include any mild limitations in mental functioning in the residual functional capacity ("RFC") assessment. Pl. Br. at 1-2. As explained below, Plaintiff's motion for reconsideration is denied.

### I.  LEGAL STANDARD

  A motion for reconsideration can only be granted if the movant can demonstrate one of

---

[1] Frank Bisignano became the Commissioner of Social Security, on May 6, 2025. Pursuant to Rule 25(d)(a) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this case. No further action need be taken to continue this action, pursuant to section 205 of the Social Security Act. 42 U.S.C. § 405(g).

three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence, that was not available at the time the court rendered the decision in question; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Clear error review only allows for relief based upon a factual or legal issue the court may have overlooked, it does not allow for relief based upon an issue the court considered initially. *United States v. Cephalon Inc.*, 159 F. Supp. 3d 550, 555 (E.D. Pa. 2016). Although the Third Circuit has declined to define precisely what constitutes a manifest injustice, it has strongly suggested that one exists when the court initially commits a "'direct, obvious, or observable error,'" of controlling law. *In re Energy Futures Holding Corp*, 904 F.3d 298, 312 (3d Cir. 2018) (quoting *Black's Law Dictionary* (10th ed. 2014)).

## II. DISCUSSION

Plaintiff's motion identifies neither an intervening change in the controlling law, nor any new evidence that was not available at the time of the court's decision. Instead, he relies upon the third basis for reconsideration: a clear error of fact or law that has resulted in a manifest injustice to him. Pl. Br. at 1-2. In his reconsideration brief, Plaintiff reiterates the arguments he made in his request for review and reply concerning why the ALJ was required to explicitly include in her RFC assessment, her findings that he had mild limitation in three areas of mental functioning. Pl. Br. at 1-9.

The court's May 2 Memorandum (Document No. 13) explained why the ALJ did not err in finding that Plaintiff's mental impairment was not severe. Mem. at 7-9. The Memorandum also explained that, since the ALJ explicitly stated that she would consider Plaintiff's non-severe impairments throughout the disability determination process, she committed no legal error. *Id.*

By so doing, the court implicitly rejected Plaintiff's argument that the ALJ was required to explicitly include in her RFC assessment the mild limitations in three areas of mental functioning that she found in her step two analysis.  Since the court did not ignore the argument Plaintiff claims it did ignore, there was no clear error of fact or law; hence, Plaintiff's motion for reconsideration is denied.

      An implementing order follows.